IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

BUILDERS MUTUAL INSURANCE )
COMPANY )
 )
    Plaintiff, ) JURY DEMAND
 )
v. ) Civil Action No. 4:09-cv-73
 ) Judge Mattice
PARKER BROTHERS, LLC, and ) Magistrate Judge Lee
MARVIN B. PARKER. )
 )
    Defendants. )

FILED
2009 JUL 15 P 4: 01
U.S. DISTRICT COURT
EASTERN DIST. TENN.
_____ DEP. CLERK

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, Builders Mutual Insurance Company, by and through counsel, and for cause of action now respectfully states as follows.

### JURISDICTION AND VENUE

1. This action is brought pursuant to the statutes of the United States and the common law and statutes of the State of Tennessee. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00. Upon information and belief, there is personal jurisdiction over the Defendants. Jurisdiction is also proper under 28 U.S.C. § 2201 because the Plaintiffs seek a declaration concerning rights and obligations under a general liability insurance policy with regard to various third-party tort claims which have been raised in an action against the Defendants.

2. Venue is proper under 28 U.S.C. § 1391 because the insurance policy which is the subject of this action and which gives rise to the claims stated herein was issued and delivered in this judicial district.

1

## PARTIES

3. The Plaintiff, Builders Mutual Insurance Company ("Builders Mutual") is a North Carolina corporation with principal place of business in Raleigh, North Carolina. Builders Mutual is a mutual insurance company which writes commercial insurance coverage primarily for construction contractors.

4. The Defendant Parker Brothers, LLC ("Parker Brothers") is a Tennessee limited liability company with principal place of business located in Shelbyville, Tennessee. According to the records of the Tennessee Secretary of State, the registered agent for service of process of Parker Brothers, LLC, 201A Grand Station, Shelbyville, Tennessee 37160. Upon information and belief, the registered agent, Marvin B. Parker, currently resides as an incarcerated inmate at the Bedford County Jail, 210 North Spring St., Shelbyville, Tennessee 37160.

5. The Defendant Marvin B. Parker, is the principal of Parker Brothers, LLC. Upon information and belief, Marvin B. Parker currently resides as an incarcerated inmate at the Bedford County Jail, 210 North Spring St., Shelbyville, Tennessee 37160.

## FACTS REGARDING APPLICATION FOR, ISSUANCE, DELIVERY AND PROVISIONS OF SUBJECT INSURANCE POLICY

6. In or about April 2008, Builders Mutual issued and delivered to Parker Brothers, LLC, in Tennessee the commercial general liability policy, Policy No. CPP 0030890 00, which is the subject of this action for declaratory judgment (the "subject CGL policy"). Said policy was issued and delivered in Tennessee through an agent, Redman-Davis, Inc., 410 W. Seventh Street, Columbia, Tennessee 38401. The policy term for the subject CGL policy was April 11, 2008, through April 11, 2009. A copy of the subject CGL policy is attached hereto and incorporated herein by reference as Exhibit 1.

7. Prior to issuance and delivery, an application for coverage the subject CGL policy was signed on or about March 31, 2008, by Marvin Parker. With regard to the "nature of business/description of operations by premise(s)," Mr. Parker apparently represented the business to be a "residential home builder." Moreover, Mr. Parker apparently responded in the negative with regard to the "general information" question with regard to "any catastrophe exposure?"

8. The "Commercial General Liability Coverage Form" of the subject CGL policy, at Section I, Coverage A(2)(a), contains the following exclusion for "Expected or Intended Injury":

> 1. Exclusions
>
> This insurance does not apply to:
>
> . . .
>
> a. Expected Or Intended Injury
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .

9. The "Commercial General Liability Coverage Form" of the subject CGL policy contains the following Coverage Provision in Section I:

> COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies . . .
>
> b. This insurance applies to "bodily injury" and "property damage" only if:

3

>    (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
>    (2)   The "bodily injury" or "property damage" occurs during the policy period.

A requirement for coverage under the subject CGL policy is "bodily injury" which must arise from an "occurrence." The Commercial General Liability Coverage Form, at Section V(13), defines "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions."

10. The "Commercial General Liability Coverage Form" of the subject policy, at Section I, Coverage A(2)(h), contains the following exclusion for "Mobile Equipment":

> 1.  Exclusions
>
>     This insurance does not apply to:
>
>     . . .
>
>     h.  Mobile Equipment
>
>         "Bodily injury" or "property damage" arising out of:
>
>         (1)   . . . .
>
>         (2)   The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

The subject policy, at "Section V - Definitions," contains the following Definition of "Mobile Equipment":

> 12. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:
>
>     a.  Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

4

b.  Vehicles maintained for use solely on or next to premises you own or rent;

c.  Vehicles that travel on crawler treads;

d.  Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

  (1) Power cranes, shovels, loaders, diggers, or drills; or

  (2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e.  Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

  (1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

  (2) Cherry pickers and similar devises used to raise or lower workers;

f.  Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

  However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

  (1) Equipment designed primarily for:

    (a) Snow removal;

    (b) Road maintenance, but not construction or resurfacing; or

    (c) Street cleaning;

  (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

  (3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

5

However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "auto".

11. The Commercial General Liability Coverage Form, at "Section II – WHO IS AN INSURED," states as follows at Paragraph 1(c) with regard to members of a limited liability company:

> Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

## ALLEGATIONS IN THE SMOTHERMAN ASSAULT LAWSUIT

12. On June 1, 2009, Christopher "Chad" Smotherman and James Thomas Smotherman, Sr., filed in the Circuit Court for Bedford County, Tennessee, a lawsuit against Marvin B. Parker and Parker Brothers, LLC. (referred to herein as the "Smotherman assault lawsuit"). The action is styled <u>Christopher Smotherman and James Smotherman, Sr., v. Marvin Parker and Parker Brothers, LLC, et al</u>, Bedford County Circuit Court, No. 11851. A true and correct copy of said Complaint in the Smotherman lawsuit is attached hereto and incorporated herein by reference as Exhibit 2.

13. In the Complaint at Paragraph 4, it is alleged that Marvin Parker and his brother, Michael R. Parker, were acting as "agents" of Parker Brothers, LLC, with regard to the facts alleged in the Complaint.

14. In the Complaint at Paragraph 7, the Plaintiffs allege that Marvin Parker "owned and operated a race car during the evening on June 7, 2008, which he drove in competition with Plaintiffs' car that was operated by James Lewis." The Complaint does not allege that Parker Brothers, LLC, owned the subject racing vehicle.

6

15. In the trial regarding the criminal prosecution, on May 15, 2009, Marvin Parker testified at pages 7-8 of the transcript of his testimony that racing is a "hobby" that he has apart from his business as a contractor. An excerpt from Marvin Parker's public record testimony, including pages 7-8 of the transcript of his testimony, is attached hereto and incorporated herein by reference as Exhibit 3.

16. In the Complaint at Paragraph 5, the Plaintiffs allege that on or about June 7, 2008, the Plaintiffs and Marvin Parker were racing "late model cars" at the Duck River Speedway in Bedford County, Tennessee.

17. In the Complaint at Paragraph 6, the Plaintiffs allege that James Smotherman owned a race car for which Chad Smotherman was a mechanic, and that the Smotherman car was driven by James Lewis.

18. In the Complaint at Paragraph 8, the Plaintiffs allege that Marvin Parker "became angry at Mr. Lewis before or during the racing event in which they competed on June 7, 2008." It is further alleged at Paragraph 8 that "[a]t the conclusion of the referenced racing event," Marvin Parker drove his car off the track and exchanged words of displeasure with another member of Plaintiffs' race crew "relative to Defendant's race car driving activities that evening."

19. In the Complaint at Paragraph 10, the Plaintiffs allege that Marvin Parker drove up a hill on the dirt track, did a "figure 8" with his vehicle, and then drove back to chase members of Plaintiffs' race crew with his car. In the Complaint at Paragraph 11, the Plaintiffs allege that Marvin Parker "intentionally ran his car into Plaintiff Chad Smotherman while Plaintiff was running away from Defendant's car." The Complaint further alleges at Paragraph 12 that before striking Chad Smotherman, Marvin Parker "intentionally assaulted Plaintiff James

7

Thomas Smotherman, Sr., by attempting or threatening to strike James Thomas Smotherman, Sr., with Defendant's race car."

20. In the Complaint at Paragraph 13, the Plaintiffs allege that Marvin Parker "threatened" multiple individuals, including at least one child, with Mr. Parker's "enraged antics with his race car in or near the pit area after the race had ended."

21. In the Complaint at Paragraph 14, the Plaintiffs allege that after he struck Chad Smotherman, and his brother, Michael Ray Parker, proceeded to commit an assault and battery on Jim Hastings, the owner of the Duck River Speedway.

22. In the Complaint at Paragraph 14, the Plaintiffs allege that Marvin Parker had to be restrained by two law enforcement officers who were required to use chemical weapons and physical force to extract Jim Hastings from the assault of Marvin and Michael Parker.

23. In the Complaint at Paragraph 15, Chad Smotherman alleges that all of his alleged injuries resulted from the "intentional actions" of Marvin Parker. At Paragraph 17 of the Complaint, James Smotherman alleges that all of his alleged injuries resulted from the "intentional actions" of Marvin Parker.

24. In the Complaint at Paragraph 21, it is alleged that on May 18, 2009, at the conclusion of a jury trial in the Bedford County Criminal Court, Marvin Parker was found guilty of reckless aggravated assault to as Chad Smotherman, and guilty of simple assault as to James Smotherman.

25. On or about May 19, 2009, Bedford County Circuit Judge Lee Russell entered an Order from Jury Trial (copy attached hereto and incorporated herein by reference as Exhibit 4). According to this Order, the trial took place on May 11, 12, 13, 14, 15, and 18, 2009. At the conclusion of trial, the jury convicted Marvin Parker of reckless aggravated assault on Chad

8

Smotherman, and reckless endangerment of James Smotherman. The jury also convicted Marvin Parker of simple assault on Matthew Taylor Duke and reckless endangerment of James Hastings.

26. In the prayers for relief in the Complaint, the Plaintiff, Chad Smotherman, seeks an amount of $1,500,000 from Marvin B. Parker and Parker Brothers, LLC, jointly and severally, for compensatory damages, as well as an amount of $5,000,000 for punitive damages. The Plaintiff, James Smotherman, seeks an amount of $250,000 from Marvin B. Parker and Parker Brothers, LLC, jointly and severally, for compensatory damages, as well as an amount of $1,000,000 for punitive damages.

27. By letter dated June 29, 2009, to Parker Brothers, LLC, and to Marvin B. Parker, Builders Mutual denied coverage under the subject CGL insurance policy regarding the claims in the Smotherman assault lawsuit based on the allegations in the Complaint and other public record information. By letter dated July 8, 2009, from counsel for Parker Brothers, LLC, and Marvin B. Parker to Builders Mutual, the Defendants took the position that there is coverage under the subject policy, and stated that the Defendants are contemplating filing an action for declaratory judgment with regard to coverage.

### COUNT I – BUILDERS MUTUAL v. MARVIN B. PARKER
### ACTION FOR DECLARATORY JUDGMENT

28. Plaintiff reiterates and incorporates by reference in this paragraph all previous paragraphs in this pleading.

29. Builders Mutual avers that, pursuant to 28 U.S.C. § 2201, an actual and justiciable controversy exists as to whether there is coverage for Marvin B. Parker under the subject CGL policy with regard to the damages alleged in the subject Smotherman assault lawsuit. To specify, but not limit, grounds for its position, Builders Mutual avers as follows:

A. there is no coverage for Marvin Parker under the subject CGL policy because the Expected or Intended Injury Exclusion applies based upon the allegations in the Complaint;

B. there is no coverage for Marvin Parker under the subject CGL policy because none of the allegations against Parker Brothers in the Complaint constitutes an "occurrence" by "accident" to trigger coverage;

C. there is no coverage for Marvin Parker under the subject CGL policy because under Exclusion H there is no coverage for use of "mobile equipment" in "racing," "speed," or "stunting" activity;

D. there is no coverage for Marvin Parker under the subject CGL policy because there are misrepresentations in the insurance application which increased the risk of loss to the carrier;

E. there is no coverage for Marvin Parker because the "reckless aggravated assault," "reckless endangerment," and hobby racing did not arise from the conduct of the business as a "residential home builder."

Accordingly, Builders Mutual respectfully requests that the Court enter an order to declare that there is no coverage for Marvin Parker under the subject CGL policy with regard to the damages alleged in the subject Smotherman assault lawsuit.

### COUNT II – BUILDERS MUTUAL v. PARKER BROTHERS, LLC
### ACTION FOR DECLARATORY JUDGMENT

30. Plaintiff reiterates and incorporates by reference in this paragraph all previous paragraphs in this pleading.

31. Builders Mutual avers that, pursuant to 28 U.S.C. § 2201, an actual and justiciable controversy exists as to whether there is coverage for Parker Brothers, LLC, under the subject CGL policy with regard to the damages alleged in the subject Smotherman assault lawsuit. To specify, but not limit, grounds for its position, Builders Mutual avers as follows:

A. there is no coverage for Parker Brothers, LLC, under the subject CGL policy because the Expected or Intended Injury Exclusion applies based upon the allegations in the Complaint;

10

B.  there is no coverage for Parker Brothers, LLC, under the subject CGL policy because none of the allegations against Parker Brothers in the Complaint constitutes an "occurrence" by "accident" to trigger coverage;

C.  there is no coverage for Parker Brothers, LLC, under the subject CGL policy because under Exclusion H there is no coverage for use of "mobile equipment" in "racing," "speed," or "stunting" activity;

D.  there is no coverage for Parker Brothers, LLC, under the subject CGL policy because misrepresentations in insurance application which increased the risk of loss to the carrier

E.  there is no coverage for Parker Brothers, LLC, under the subject CGL policy based on vicarious liability because there is no coverage for any of the underlying acts/omissions of Marvin Parker as alleged in the Complaint.

Accordingly, Builders Mutual respectfully requests that the Court enter an order to declare there is no coverage for Parker Brothers, LLC, under the subject CGL policy with regard to the claims alleged in the subject Smotherman assault lawsuit.

**WHEREFORE**, Plaintiff prays:

1. That the Defendants, and each of them, be served with a copy of this Complaint and file their respective answers thereto;

2. That the Court enter an order as to the Defendant, Marvin B. Parker, to declare that there is no coverage for Marvin Parker under the subject CGL policy with regard to the claims alleged in the subject Smotherman assault lawsuit based upon the following grounds:

A.  there is no coverage for Marvin Parker under the subject CGL policy because the Expected or Intended Injury Exclusion applies based upon the allegations in the Complaint;

B.  there is no coverage for Marvin Parker under the subject CGL policy because none of the allegations against Parker Brothers in the Complaint constitutes an "occurrence" by "accident" to trigger coverage;

C.  there is no coverage for Marvin Parker under the subject CGL policy because under Exclusion H there is no coverage for use of "mobile

11

equipment" in "racing," "speed," or "stunting" activity;

    D.    there is no coverage for Marvin Parker under the subject CGL policy because there are misrepresentations in the insurance application which increased the risk of loss to the carrier;

    E.    there is no coverage for Marvin Parker because the "reckless aggravated assault," "reckless endangerment," and hobby racing did not arise from the conduct of the business as a "residential home builder."

3. That the Court enter an order as to the Defendant, Parker Brothers, LLC, to declare that there is no coverage for Parker Brothers, LLC, under the subject CGL policy with regard to the claims alleged in the subject Smotherman assault lawsuit based upon the following grounds:

    A.    there is no coverage for Parker Brothers, LLC, under the subject CGL policy because the Expected or Intended Injury Exclusion applies based upon the allegations in the Complaint;

    B.    there is no coverage for Parker Brothers, LLC, under the subject CGL policy because none of the allegations against Parker Brothers in the Complaint constitutes an "occurrence" by "accident" to trigger coverage;

    C.    there is no coverage for Parker Brothers, LLC, under the subject CGL policy because under Exclusion H there is no coverage for use of "mobile equipment" in "racing," "speed," or "stunting" activity;

    D.    there is no coverage for Parker Brothers, LLC, under the subject CGL policy because misrepresentations in insurance application which increased the risk of loss to the carrier

    E.    there is no coverage for Parker Brothers, LLC, under the subject CGL policy based on vicarious liability because there is no coverage for any of the underlying acts/omissions of Marvin Parker as alleged in the Complaint.

4. That the Court enter judgment in favor of the Plaintiff for its costs reasonably required to prosecute this action;

5. That trial in this action be conducted before a jury of six on all issues which cannot be determined as a matter of law;

6. That the Plaintiff, Builders Mutual Insurance Company, have any and all additional relief to which it may be entitled in these premises.

Respectfully Submitted,

**LEITNER, WILLIAMS, DOOLEY, & NAPOLITAN, PLLC**

By: *Barret S. Albritton* *Signed with permission by Reid D. Leitner*
**Barret S. Albritton, Esq.**
BPRN: 22655
801 Broad Street, 3rd Floor
Chattanooga, Tennessee 37402-2621
(423) 265-0214

**Reid D. Leitner, Esq.**
BPRN: 16187
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722

Attorneys for Plaintiff
Builders Mutual Insurance Company

E:\Rdl\Parker\ComplaintDeclJdgmt..doc

13